IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| RANDY SIMMONS, | : | PRISONER CIVIL RIGHTS |
|     Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| MR. BROWN, et al., | : | CIVIL ACTION NO. |
|     Defendants. | : | 1:10-CV-2974-RWS |

**ORDER**

Plaintiff, Randy Simmons, confined in Macon State Prison in Oglethorpe, Georgia, previously was granted in forma pauperis status in this 42 U.S.C. § 1983 pro se action. The matter is now before the Court on the complaint, as amended (Doc. Nos. 1, 9) for screening under 28 U.S.C. § 1915A.

**I.**  **28 U.S.C. § 1915A Standard**

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint against a governmental entity, employee, or official to determine whether the action: (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) & (2). A claim is frivolous when it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008). A complaint fails to state a claim when it does not

include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and a complaint "must contain something more . . . than . . . statement of facts that merely creates a suspicion [of] a legally cognizable right of action").

The court presumes the truth of a plaintiff's non-frivolous factual allegations, construing them favorably to the plaintiff. See Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005); see also Denton v. Hernandez, 504 U.S. 25, 33 (1992) (discussing court's authority to disregard frivolous factual allegations). Further, the court holds pro se pleadings to a less stringent standard than pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). "Courts do and should show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education. Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." GJR Invs., Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), overruled on other grounds as recognized in Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010). A plaintiff must allege facts sufficient to show a

recognized legal claim, and the court cannot read into a complaint non-alleged facts. Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission (1) deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States and (2) was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiffs' factual allegations were insufficient to support the alleged constitutional violation); see also 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

## II. Discussion

Plaintiff brings this action against Mr. Brown, "Hay's" Warden; Mr. Taylor, "Hay's" "D/ Warden"; Captain Durham; John Doe, Cert. Sergeant; John Does 1-6, Cert. Staff; John Doe, Correctional Transfer Van Officer; John Doe, Medical Staff/Nurse; H. Hall, "Jackson" Warden; Mr. Robinson, Counselor; John Doe, Intake

3

Correctional Officer; John Doe, Medical Staff/Nurse; John Doe, Internal Affair Officer; and John Doe, "D/Warden" of Care and Treatment.  (Doc. No. 9 at 1.) Plaintiff states that, at Macon State Prison, (1) he filed a grievance (regarding the use of excessive force) that was forwarded to internal affairs for review, (2) he deposited an appeal with Counselor Robinson, and (3) he has received no response.[1]  (Id. at 1-3.) Plaintiff states that he complained to the commissioner of the Department of Corrections and he gave notice to a higher official of the "ongoing situation which has brought upon scurnity [sic] and retailtory[sic] measures."[2]  (Id. at 2-3.)  Plaintiff states that he believes that prison officials at Macon State Prison are trying to sabotage completion of the grievance procedure.  Plaintiff seeks injunctive relief.  (Id. at 3.)

A prisoner has no independent constitutional right to the provision of, or proper functioning of, a prison's administrative remedy program.  Dunn v. Martin, 178 F. App'x 876, 878 (11th Cir. 2006) ("We agree with other circuits that have decided that a prisoner does not have a constitutionally-protected liberty interest in an inmate grievance procedure."); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991) (concluding

---

[1] Plaintiff provides no detail regarding the alleged use of excessive force and complains only in regard to grievance procedures.

[2] Plaintiff's reference to "retailtory[sic] measures," is too vague to create more than a minimal suspicion of a possible constitutional violation.

4

"that the federal regulations providing for an administrative remedy procedure do not in and of themselves create a liberty interest in access to that procedure"); see also Baker v. Rexroad, 159 F. App'x 61 (11th Cir. 2005) (favorably citing Flick in determining that state inmate grievance procedures did not create a constitutionally protected interest). Further, a complaint fails to state a claim against a defendant when it "fails to allege facts that associate [the defendant] with [the alleged] violation." Douglas v. Yates, 535 F.3d 1316, 1322 (11th Cir. 2008) ("[A] complaint will be held defective . . . if [it] fails to connect the defendant with the alleged wrong.").

To the extent Plaintiff intended to name a Defendant located within the Northern District of Georgia – such as Hays State Prison personnel or Facilities Operations personnel (such as Hilton Hall) located in Atlanta, Georgia – he fails to state a claim. Not only does Plaintiff fail to allege facts that concretely associate a clearly named Defendant within the Northern District of Georgia to an alleged violation, the inadequate operation of the prison grievance system does not present a constitutional claim against any named Defendant. Because Plaintiff raises no constitutional issues, the interests of justice do not warrant a transfer of this action to the United States District Court for the Middle District of Georgia, where Macon State Prison is located. See 28 U.S.C. §1406(a).

### III. Conclusion

For the reasons stated,

**IT IS ORDERED** that this action is **DISMISSED**, pursuant to 28 U.S.C. § 1915A, for failure to state a claim upon which relief can be granted.

**IT IS SO ORDERED**, this  31st  day of March, 2011.

*/s/ Richard W. Story*
**RICHARD W. STORY**
United States District Judge